**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAMMY SHELTON, et al.** | § | |
| | § | |
| **V.** | § | **NO. 1:17-CV-888-SS-AWA** |
| | § | |
| **McLANE COMPANY, INC., et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
        SENIOR UNITED STATES DISTRICT JUDGE

Before this Court are Defendants' Motion to Dismiss (Dkt. No. 10), Defendant's Motion to

Strike Class Allegations (Dkt. No. 11), and Plaintiffs' Motion to Amend Complaint (Dkt. No. 24),

together with their associated responses and replies.   The District Court referred the above-motions

to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

On September 21, 2017, Plaintiffs Sammy Shelton, Thomas Cathey, Carnett Brewer, and

Duane Harris ("Employees") filed this putative class action suit against McLane Company, Inc. and

McLane Foodservice, Inc. ("McLane") for violations of the Fair Credit Reporting Act.   The

Employees allege that, when completing applications for employment with McLane, they each

signed an authorization for McLane to obtain a pre-employment background check on them, which

also allegedly included a release of liability.   In this suit, the Employees claim that the disclosure and

authorization form violated the FCRA, which states that an employer:

> may not procure a consumer report, or cause a consumer report to be procured, for
> employment purposes with respect to any consumer, unless . . . a clear and conspicuous
> disclosure has been made in writing to the consumer at any time before the report is procured

or caused to be procured, *in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes.

15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added). Employees assert that McLane, by including the release of liability on the same page as the disclosure, and by then obtaining a background check on each of them, violated their rights under the FCRA. They also seek to certify the case as a class action comprised of all persons "who were the subject of a consumer report that was procured by [McLane] within five years of the filing of this Complaint." Dkt. No. 6 at 5–6.

As the class has not yet been certified, the only relevant parties on the motions before the Court are those named in the Amended Complaint. *See, e.g.*, *Speyer v. Avis Rent a Car Sys., Inc.*, 415 F. Supp. 2d 1090, 1094 (S.D. Cal. 2005) (citing *Barth v. Firestone Tire & Rubber Co.*, 661 F. Supp. 193 (N.D. Cal. 1987)). All are former employees of McLane who were originally hired between 2000 and 2008. Dkt. No. 30-1 at 3.[1]

In response to the suit, McLane filed a motion to dismiss, arguing that the Employees lack standing to bring claims under the FCRA, or in the alternative, that their claims are barred by the statute of limitations. On May 21, 2018, the Court held a hearing confined to the statute of limitations issue. The First Amended Complaint claimed that McLane conducted "background checks on all of its job applicants as part of a standard screening process," and also obtained reports "on existing employees from time-to-time." Dkt. No. 6 at 5. At the hearing, the Court stated that it intended to focus solely on the statute of limitations issue, as it appeared from what was submitted

---

[1]Shelton applied to McLane in November 2000—after working for AmeriServe, a company acquired by McLane, since 1998. *Id.* Shelton remained with McLane until July 2017. *Id.* Cathey also applied in November 2000, and was hired in December. *Id.* He continued working for McLane until June 2016. *Id.* Brewer applied in March 2004. *Id.* He was employed with McLane from June 2004 to July 2015. *Id.* Finally, Harris applied to McLane in March 2008, and was hired in April 2008. *Id.* Harris left the company in December 2012. *Id.*

on the motion to dismiss that the suit was likely time-barred. But because there were facts needed to definitively resolve that issue, the Court informed the parties at the hearing that it was going to convert the motion to dismiss to a motion for summary judgment, as provided for in FED. R. CIV. P. 12(d). The Court then ordered the parties to conduct discovery on the very limited factual issues[2] and to then supplement their briefing. Dkt. No. 23.

Perhaps anticipating that discovery would demonstrate that the claims stated in the Amended Complaint were time barred, the Employees argued at the hearing that there was no need for discovery because McLane obtained driving records for all of its all truck drivers on an annual basis, as mandated by 49 C.F.R. § 391.25. Counsel argued these driving reports were "consumer reports" under the FCRA and—unless a new release was obtained from the employee—each of these reports constituted a violation of the statute and thus the suit was clearly not time barred. Because a claim based on annual driving records was nowhere to be found in the First Amended Complaint, the Court stated it could not consider such an argument on the existing pleadings, and if the Employees wanted to raise that argument, they would need to seek leave to amend. A week after the hearing, Employees filed a motion for leave to amend the complaint, which McLane opposes. Further, on June 21 and June 28, 2018, respectively, the parties filed supplemental materials on what is now a motion for summary judgment. Dkt. Nos. 30 & 31.

## II. ANALYSIS

Because the analysis of whether to permit amendment will be impacted greatly if the claim currently stated in the live complaint is not time barred, and will remain pending regardless of the

---

[2]As noted in the Court's order from the hearing, "the only facts that are relevant to this question are the contents and dates of any disclosure and authorization forms signed by the Plaintiffs allowing Defendants to obtain a consumer report, and all dates on which McLane actually obtained a consumer report for any Plaintiff."

addition of another claim, the Court will first address McLane's argument that the pending claims are barred by the statute of limitations.

## A.    Statute of Limitations

In the First Amended Complaint, Employees contend: "Defendants routinely conduct background checks on all of its job applicants as part of a standard screening process. Defendants also conduct background checks on existing employees from time-to-time." Dkt. No. 6 at 5. McLane argues that all of the plaintiffs' potential claims under the FCRA are barred by the FCRA's statute of limitations. As noted, the Court converted this aspect of the motion to dismiss to a motion for summary judgment.

A plaintiff asserting a claim under § 1681b must bring suit "not later than the earlier of . . . (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. McLane contends that the statute of limitations began to run at the time the allegedly improper disclosures were signed. This is incorrect. The statute begins to run on the date an offending background check was procured.

> [A] prospective employer does not violate Section 1681b(b)(2)(A) by providing a disclosure that violates the FCRA's disclosure requirement. . . . The employer violates the FCRA only where, after violating its disclosure procedures, it "procure[s] or cause[s] to be procured" a consumer report about the job applicant.

*Syed v. M-I, LLC*, 853 F.3d 492, 506 (9th Cir. 2017) (internal citations omitted). *Cf. Mack v. Equable Ascent Fin., LLC*, 748 F.3d 663, 665–66 (5th Cir. 2014) (noting that the statute of limitations began to run when the employee learned the employer had obtained the credit report). Thus, the starting date to calculate whether the statute of limitations has run for the claims asserted by the Employees is the last date on which McLane procured a background check for each plaintiff.

4

The evidence is that McLane only obtained background checks on each of the Employees prior to their being hired by the company. Dkt. No. 30-1 at 3 ("McLane Foodservice obtained any pre-hire background checks on Plaintiffs before their respective dates of employment listed above."). The most recently hired of the named plaintiffs was hired in 2008. *Id.* This means that—even applying the longer five-year limitations period—the latest *any* of the Employees could have brought suit for violations under § 1681b(b)(2)(A) on the basis of background checks procured by McLane would have been in 2013. The suit was filed in 2017, and thus all of the Employees' claims are barred by the statute of limitations.

In the First Amended Complaint, Employees also plead that from "time-to-time" McLane procured background checks on employees even after hiring. But this is pled as a general statement, and Plaintiffs do not plead that this ever happened with regard to any of them. Moreover, in response to discovery and in its affidavit, McLane has stated that it did not procure any "pre-hire" background checks *after* the Employees were hired by McLane. Dkt. No. 30-1 at 3.[3] Moreover, Employees appear to have conceded that no background checks were completed on any of them within five years of the date of suit. Their supplemental response focuses entirely on the annual driving records that are the focus of their proposed amended complaint. *See* Dkt. No. 31 at 5 (arguing that an injury occurs "each time a background report is run on them annually"). The claim set forth in the current Amended Complaint, is time-barred and should be dismissed.

---

[3]Though it is a bit confusing to state that one did not obtain a "pre-hire" check after hiring someone, it is clear that McLane is using the adjective "pre-hire" to distinguish a "background check" from the driving reports that it *did* obtain (annually) after employees were hired, which are the subject of the Second Amended Complaint, discussed below.

**B.     Motion for Leave to Amend**

The question that is therefore raised here is whether the Court should permit the Employees to avoid the dismissal of this lawsuit, which has been pending for the past 11 months, by granting them leave to amend their pleadings to bring a wholly new claim.  To be clear, because the claim originally stated in the First Amended Complaint is time barred, the impact of permitting amendment would be to allow the Employees to start an entirely new lawsuit.

Rule 15(a) directs that courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2).  The Supreme Court has explained that the rule was designed to "facilitate the amendment of pleadings except where prejudice to the opposing party would result." *U.S. v. Hougham*, 364 U.S. 310, 316-317 (1960) (emphasis added).  Leave to amend is not automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted). The court "may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).  Nevertheless, the Fifth Circuit recognizes a strong presumption in favor of granting leave to amend. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).  "If the district court lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial.'" *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

Employees insist that the proposed Second Amended Complaint should be permitted because it "maintains the same count and allegations against the same defendant," and merely "more clearly allege[s]" the facts as originally intended.  The new language in the proposed amendment states the following:

In fact, Defendants are required to run driving reports on all of their truck drivers at least once a year. 49 C.F.R. § 391.25. A driving report is considered a "consumer report" under the FCRA. FTC Advisory Opinion, 06-11-98 (holding that criminal background checks and driving records constitute consumer reports). The FCRA claims are, therefore, timely because each driving report constitutes a separate claim for relief with a new statute of limitations.

Dkt. No. 24-1 at ¶ 17. Employees emphasize the "one paragraph" amendment is minimal, and argue McLane would suffer no prejudice from this amendment. Further, Employees argue that there was no undue delay in asserting this claim, as the facts necessitating the amendment were not known until the May 21st hearing.

Though Employees attempt to focus on the minimal textual changes made in the Second Amended Complaint, this belies the reality. Employees originally asserted a claim based on pre-employment background checks. And though there was an allegation of occasional post-employment reports, those were described as "background checks," and no details were pled regarding when they were allegedly obtained, nor was there an allegation that any such post-hire report was ever obtained on any of the plaintiffs.[4] The proposed amendment changes the focus of this lawsuit from pre-hire background checks to annual driving reports obtained pursuant to a federal regulation. *See* Dkt. No. 24-1 at 6. If permitted, the amendment would mean that this case is no longer about pre-hire background checks on prospective employees—or even occasional random reports on current employees—but instead is focused on the annual reports obtained on all truck drivers. This is not a clarification; this presents a wholly new cause of action. Though the underlying violation—the alleged lack of a standalone authorization form—remains the same, the new claim is contingent on proving two things completely unnecessary to the pending claim: (1) that

---

[4]The Amended Complaint merely states "Defendants also conduct background checks on existing employees from time-to-time." Dkt. No. 6 at ¶ 17.

a driving record is a "consumer report" under the FCRA, and (2) that the FCRA requires employers to have a compliant authorization form when a federal regulation mandates that the employer obtain an annual driving report. In short, the claim stated in the proposed amendment is an entirely separate cause of action than, and requires a different analysis from, the claim contained in the First Amended Complaint. This counsels against permitting amendment.

Employees also assert that there was no undue delay in seeking leave to add this claim, and McLane would suffer no prejudice from the amendment. Though it is true that there is no scheduling order in this case, and discovery has not yet commenced, this does not tell the full story. Employees were put on notice of the statute of limitations problem with their suit when McLane filed its motion to dismiss in December 2017. And Employees' assertion that they didn't know they needed to clarify their claim until the May 2018 hearing is disingenuous. If Employees believed their suit as pled was timely because McLane had pulled driving reports on its truck drivers annually, they would have stated this in their response to the motion to dismiss—but they did not. It is clear that what came as "news" to Employees at the hearing was that their case was likely to be dismissed as time barred. This is not a sufficient reason to allow amendment. Nor is Employees' argument regarding prejudice persuasive. Employees argue that McLane suffered no prejudice because it knows it must obtain driving records on all employees annually. Simply because McLane is aware of this regulation does not mean that it should have intuited that Employees were suing under this theory. The prejudice comes from the time expended on a cause of action that Employees are essentially trying to jettison in lieu of a newly developed claim.

McLane argues that the amendment should also be denied as the purported claim would be futile. The Court agrees. A court may deny leave to amend if the amendment would be futile; that is, if it fails to state a claim on which relief may be granted. *Legate v. Livingston*, 822 F.3d 207, 211

(5th Cir. 2016).  For the new assertions to state a claim, the driving reports at issue have to be "consumer reports."  The FCRA excludes from the definition of a "consumer report" a report obtained by an "employer in connection with an investigation of . . . compliance with Federal, State, or local laws and regulations" that "is not made for the purpose of investigating a consumer's credit worthiness," and which "is not provided to any person except . . . the employer or agent of the employer."  15 U.S.C. § 1681a(y)(B)(ii).  Here, there is no dispute that the driving records were obtained to comply with the federal regulations that require McLane to obtain a driving report on all of its truck drivers at least annually.  *See* 29 C.F.R. § 391.25.  As such, the Employees' claim that McLane violated the FCRA when it obtained annual driving records does not state a claim and it would be futile to permit the amendment.  *See Martin v. First Advantage Background Servs. Corp.*, 2014 U.S. Dist. LEXIS 41098, at **14–15 (D. Minn. Mar. 25, 2014).[5]

## C.    Request to Conduct Discovery to Substitute New Class Representatives

Finally, in their supplemental brief on the limitations issue, Employees state that "[s]hould the Court deem any of the Plaintiffs' claims to be barred by the statute of limitations, Plaintiffs request discovery to substitute or replace any of the Class Representatives."  Dkt. No. 31 at 5.  Though in some cases, courts have allowed the substitution of named plaintiffs prior to certification of the class,[6] Employees are not requesting to substitute known plaintiffs, but are rather seeking to

---

[5]The FTC advisory staff opinion letter referenced in the proposed Second Amended Complaint (Dkt. No. 24-2) is not relevant to this analysis for several reasons, the most significant of which is that it was issued in 1998, fifteen years before the exception at issue was added to the FCRA.  It has no applicability to the language of § 1681a(y).

[6] *See, e.g.*, *Almeida v. Google, Inc.*, 2009 WL 3809808, at *3 n.2 (N.D. Cal. Nov. 13, 2009) (allowing the substitution of a named plaintiff prior to class certification); *Hill v. B. Frank Joy, LLC*, 2016 WL 4194189, at *7 (D. Md. Aug. 9, 2016) ("Even when the named plaintiffs' claims are dismissed prior to any motion for class certification, courts permit substitution for the named plaintiffs."); *Robichaud v. Speedy PC Software*, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013)

9

conduct discovery to *find* new plaintiffs. This is more akin to *Giannopoulos v. Ibera Lieas Aereas de Espana, S.A.*, 2014 WL 2219143 (N.D. Ill. May 29, 2014). There, none of the named plaintiffs had live claims before the court, but sought to "reopen discovery for the purpose of identifying substitute class representatives." *Id.* at *1. The court, noting that there was "no named plaintiff (or certified class) with a 'live claim' who can 'carry on' the litigation—including issuing discovery requests," ruled that the plaintiff's counsel could not conduct discovery to find new plaintiffs. *Id.* at *2. The court distinguished cases in which "unnamed class members" were substituted for the named plaintiffs. *Id.* Rather, "[w]ithout surrogates [to] step forward to replace the named plaintiffs . . . carrying on the litigation is not permitted." *Id.* (quoting *Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*, 648 F.3d 533, 538 (7th Cir. 2011)) (internal quotations omitted).

Another district judge in a similar circumstance, relied on in *Giannopoulos*, explained the problem with a request like the Plaintiffs':

> plaintiffs' counsel does not seek discovery in order to identify additional class members, but rather to identify an original class representative so that subject matter jurisdiction may be established as an initial matter. Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so that they can sue defendant.

*In re Mortgagors of Temple-Inland Mortgage Corp.*, 2001 WL 177181, *2 (E.D. Pa. Jan. 24, 2001); *see also Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 160 (6th Cir. 2010). This is exactly what Employees are asking this Court to do. It is not McLane's responsibility to assist the Plaintiffs' counsel to find plaintiffs whose claims would not be time-barred.

---

(same). *But see Velazquez v. GMAC Mortgage Corp.*, 2009 WL 2959838, at *3–4 (C.D. Cal. Sept. 10, 2009) (finding substitution inappropriate prior to class certification).

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** the Plaintiffs' Motion to Amend Complaint (Dkt. No. 24) and **GRANT** the Defendant's Motion to Dismiss (Dkt. No. 10) (which was converted to a motion for summary judgment), and **DISMISS THIS CASE WITH PREJUDICE.** The undersigned **FURTHER RECOMMENDS** that the District Court **DENY AS MOOT** Defendants' Motion to Strike Class Allegations (Dkt. No. 11).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472–74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428– 29 (5th Cir. 1996) (en banc).

SIGNED this 16ᵗʰ day of July, 2018.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE